RECEIVED
IN LAKE CHARLES, LA
OCT 14 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2: 10 CR 00331-011 |
| VS. | : | JUDGE MINALDI |
| SHANE PATRICK HINTON | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is the defendant's objection to the Presentence Report ("PSR") prepared by the Probation Department.

Hinton objects to ¶¶17 & 30 of the PSR which assign an enhancement for the .22 caliber rifle found next to the steroid lab on his property. He argues that he should not be assessed two points for the possession of this weapon as it was not possessed in furtherance of the conspiracy, there was no reference to the weapon in the indictment or plea packet, and the gun was returned to his father. Hinton argues that if the gun had been possessed in connection with the drug conspiracy, it would have been subject to forfeiture, not returned to his father.

Probation submits the two point enhancement is justified pursuant to USSG § 2D1.1(b)(1). Probation submits that Hinton should be held responsible for the firearm because it was not "clearly improbable that the weapon was connected with the offense." USSG §2D1.1(b)(1), comment (n.3).

Under § 2D1.1(b)(1) of the Sentencing Guidelines, a two-level enhancement is applied to a defendant's base offense level if the defendant's drug offense involved the possession of a firearm. *See, e.g., United States v. Gonzalez*, 608 F.3d 1001, 1006 (7th Cir.2010). The government must first

prove by a preponderance of the evidence that the defendant possessed the firearm. *United States v. Are,* 590 F.3d 499, 526 (7th Cir.2009). If the government carries its burden, then the defendant must prove that it was "clearly improbable" that a connection existed between the firearm and the drug offense. *Id.* at 526; *see* Application Note 3 to § 2D1.1.

Pursuant to a search of Hinton's residence, authorities found a loaded .22 caliber rifle. Hinton does not deny that he possessed the gun. Rather, he argues that he possessed it to shoot snakes as this property is located next to the river. *United States v. Rea,* 621 F.3d 595, 606 -607 ( 7th Cir. 2010). Hinton's argument is persuasive.

It has not been established that " 'a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.' " *United States v. Eastland,* 989 F.2d 760, 770 (5th Cir.1993) (quoting *United States v. Hooten,* 942 F.2d 878, 882 (5th Cir.1991)).

Accordingly, this objection is sustained and the PSR will be adjusted accordingly.

Lake Charles, Louisiana, this __14__ day of October, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE